IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICK F. ELLIS, | : | |
| Petitioner | : | |
| VS. | : | 1 : 05-CV-6 (WLS) |
| TRACY STEPHENS, Probation Officer, Georgia Department of Corrections, | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on January 12, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was found guilty of theft by conversion in the Superior Court of Ben Hill County in September 1997. In December 1997, he was sentenced to ten (10) years, three (3) to serve and the

balance probated. The conviction and sentence were affirmed on direct appeal in 1998. Ellis v. State, 510 S.E.2d 127 (Ga. Ct. App. 1998). The petitioner sought certiorari in the Georgia Supreme Court, which was denied April 30, 1999. In May 1999, the petitioner filed his first federal habeas petition, which was dismissed for lack of exhaustion in December 1999. Ellis v. Baker, Civil Action No. 1 : 99-CV-117 (WLS) (M.D. Ga. 1999). The petitioner's next challenge to his conviction occurred in March 2003, when he filed a state habeas petition. The state habeas court denied relief in August 2003. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal on February 3, 2004. The petitioner then filed this second federal habeas petition in January 2005.

*One-year period of limitation*

Petitioner's conviction became final on or about July 29, 1999, the date on which the 90-day period for filing a petition for certiorari in the United States Supreme Court expired. Therefore, pursuant to § 2244 (d)(1), the petitioner had one year thereafter, or until July 28, 2000, to file this federal petition or stay the proceedings by filing a state habeas petition. The court notes that the tolling provision of § 2244(d)(2) does not protect the petitioner herein. The petitioner's state habeas petition was not filed until March 2003, more than two (2) years following the expiration of the one-year period of limitations. See, e.g., Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); Morris v. Hargett, 1998 WL 856144 (10th Cir. (Okla.)). Moreover, the time during which the petitioner's first federal petition was pending had no tolling effect herein, as only properly filed state court proceedings serve to toll the statute of limitations found in § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180 (2001).

*Tolling of the period of limitation*

The petitioner states that this federal petition was timely filed, but then proceeds to set out

2

the series of events that allegedly prevented the state and present federal petitions from being filed any earlier. Petitioner argues that "there is always jurisdiction to correct a miscarriage of justice" and that "it would be unjust to punish me if there is a lack of diligence on [my attorneys'] part." Petitioner alleges that attorney Jim Hudson "handled" his first federal habeas petition and that he was still in prison when it was dismissed. Petitioner further alleges that appellate attorney George Saliba was still pursuing state court remedies regarding restitution issues on petitioner's behalf, although the petitioner does not specify the exact nature of these state court remedies. Petitioner states that he later moved to disqualify Mr. Saliba, with Mr. Saliba removing himself from the case in January 2003, and that he could not challenge Mr. Saliba's representation as long as he was in the case. Petitioner's state habeas petition was filed in March 2003. Following the denial of his state habeas corpus petition, the petitioner claims to have retained another attorney, Betty Walker Lanier, but could not continue to pay her following the denial of his petition for a certificate of probable cause to appeal the denial of the state habeas petition in February 2004. Another year passed until this second federal petition was filed in January 2005. Petitioner blames the additional one-year delay in filing this petition on his bipolar disorder, his inability to retain another attorney, and difficulties obtaining his file from Ms. Walker-Lanier.

The court notes initially that the Eleventh Circuit has not ruled upon whether there is an "actual innocence" exception to the AEDPA's one-year statute of limitations. Helton v. Sec'y. for Dep't. of Corrections, 259 F.3d 1310, 1315 n.2 (11th Cir. 2001). However, to the extent that the petitioner argues that a miscarriage of justice will occur if this court does not reach the merits of his petition, in order to satisfy the miscarriage of justice exception, the petitioner must show that "under the probative evidence he has a colorable claim of factual innocence." Kuhlmann v.

Wilson, 477 U.S. 436, 454 (1986).  The petitioner herein has not set forth any probative evidence of factual innocence.  "[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]."  Sawyer v. Whitley, 112 S. Ct. 2514, 2517 (1992). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed."  Johnson v. Singletary, 938 F.2d 1166, 1182 (11th Cir. 1991).

  Moreover, to the extent that the petitioner asserts that the principle of equitable tolling should apply to his petition, there is no indication that the series of events set out by the petitioner actually precluded him from pursuing state and/or federal post-conviction proceedings. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton, 259 F.3d at 1312.  "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control."  Drew v. Dep't. of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).  "Equitable tolling is an extraordinary remedy that is typically applied sparingly."  Wade v. Battle, 379 F.3d 1254, 1264 (11th Cir. 2004).  The petitioner, a former attorney, has failed to establish any diligence on his part to timely and properly file state and federal habeas petitions, diligence that was somehow thwarted by extraordinary circumstances outside of his control.

  To the extent that the petitioner alleges that errors on the part of his attorneys should excuse the untimeliness of this petition, the Eleventh Circuit has held that "[a]n attorney's

4

miscalculation of the limitations period or mistake is not a basis for equitable tolling. . . . Any miscalculation or misinterpretation by [petitioner's] attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000).  Additionally, the petitioner's arguments that he could not raise ineffectiveness claims against attorney George Saliba until he withdrew from the case are without merit.  In his grounds for relief, the petitioner attacks Saliba's performance as appellate counsel and certain aspects of his performance on the appeal itself, rather than any aspects of his performance regarding corollary issues of restitution, etc.  All of the grounds for relief raised herein were available upon the completion of petitioner's appellate proceedings, in April 1999.

     Inasmuch as the petitioner's federal habeas petition was untimely filed and he has failed to establish a basis for equitable tolling of the AEDPA's one-year statute of limitations, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of April, 2005.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE