# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| RICK F. ELLIS, | : |
| Petitioner, | : |
| v. | : 1:05-CV-6 (WLS) |
| TRACY STEPHENS, Probation Officer, | : |
| Georgia Department of Corrections, | : |
| Respondents. | : |

## ORDER

Presently pending before the Court is Petitioner's "Motion to Recuse All Judges and Magistrate Judges of the Middle District of Georgia from Any Further Involvement in These Proceeding (sic)" filed May 5, 2005. (Doc. No. 21). For the reasons stated below, Petitioner's motion (Doc. No. 21) is **DENIED.**

**I.    DISCUSSION**

28 U.S.C. § 455 creates two primary reasons for recusal under Section 455(a) and Section 455(b). *See* 28 U.S.C. § 455(a)-(b).

**A.    28 U.S.C. § 455(a)**

Section 455(a) provides, in pertinent part, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988). The standard of review for a Section

1

455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).

The Supreme Court has held that a significant and often "determinative" factor in these cases is the "extrajudicial source" doctrine. Liteky v. United States, 510 U.S. 540, 555 (1994). Under this doctrine, the alleged bias must stem from information that the judge has gained from outside the judicial context. In the Eleventh Circuit, "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceedings. An exception to this rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." Hamm v. Members of the Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983)(internal citations omitted). The Eleventh Circuit has also stated that "[j]udges must not recuse themselves for imaginary reasons; judge shopping should not be encouraged." Murray v. Scott, 253 F.3d 1308, 1313 (11th Cir. 2001).

In the instant action, Petitioner's allegations of facts focus entirely on United States Magistrate Judge Faircloth who is not appointed to this case for any purpose. There are no facts alleged in Petitioner's motion that relate specifically to any other judge in the Middle District, and in particular that allege that the undersigned or United States Magistrate Judge Richard L. Hodge are basing rulings or decisions on sources outside the judicial context. Petitioner does not point to any facts that show either has made remarks in a judicial context that would demonstrate a pervasive bias or prejudice which would warrant recusal.

"The decision whether a judge's impartiality can reasonably be questioned is to be made

in light of the facts as they existed, and not as they were surmised or reported." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, —,124 S.Ct. 1391, 1392 (2004)(*citing* Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000)(Rehnquist, C.J., respecting recusal))(internal quotations omitted).  The facts as they exist are as follows: there are District Judges and Magistrate Judges who sit for the United States District Court for the Middle District of Georgia and said judges must associate daily with one another as part of the ordinary course of the Court's business.  The undersigned and the United States Magistrate Judge Richard L. Hodge are not required to recuse themselves for such relationships even if they rise to the level of a friendship, an allegation never made by Petitioner.  *See* Andrade v. Chojnacki, 338 F.3d 448 (5th Cir. 2003)(where United States District Judge Smith was not required to recuse himself because of a prior relationship with William Sessions, former Director of the Federal Bureau of Investigation, who was a dismissed defendant from the case and who Judge Smith had served with while Sessions was Chief Judge).  *See also* Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. at 913 (where the Supreme Court Justice was not required to recuse himself because of a friendship with the litigant, Dick Cheney, Vice President of the United States). Petitioner has stated no facts which objectively suggest or require recusal of either judge.  Therefore, Petitioner's motion (Doc. No. 21) should be, and hereby is, **DENIED as it relates to 28 U.S.C. § 455(a)**.

    **B.**    **28 U.S.C. § 455(b)**

28 U.S.C § 455(b)(1-5) enumerates certain instances where recusal is required; with subsection (1) covering bias and prejudice grounds and subsections (2-5) covering interest and relationship grounds. *See* 28 U.S.C. § 455(b)(1-5); *see also* Liteky v. United States, 510 U.S.

540, 547-48 (1994).  Recusal under this subsection is mandatory because "the potential for conflicts of interest are readily apparent." Murray v. Scott, 253 F.3d at 1312. (11th Cir. 2001) (internal quotation marks omitted).  Plaintiff has not presented any facts that would mandate recusal by either the undersigned or United States Magistrate Judge Richard L. Hodge for either bias and prejudice grounds or interest and relationship grounds.  Essentially, Petitioner merely cites to rulings not favorable to Petitioner.  Such reviewable rulings alone are inadequate to require recusal.  Therefore, Petitioner's motion (Doc. No. 21) should be, and hereby is, **DENIED as it relates to 28 U.S.C. § 455(b)**.

## II.  CONCLUSION

Petitioner's "Motion to Recuse All Judges and Magistrate Judges of the Middle District of Georgia from Any Further Involvement in These Proceeding (sic)" (Doc. No. 21) should be, and hereby is, **DENIED.**

SO ORDERED, this  19th  day of August, 2005.

      /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**