**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| RICK F. ELLIS, : | |
| Petititioner, : | |
| v. : | 1:05-CV-006 (WLS) |
| TRACY STEPHENS, Probation Officer, : | |
| Georgia Department of Corrections, : | |
| Respondent. : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Richard L. Hodge filed April 27, 2005, recommending that Respondent's Motion to Dismiss Petition as Untimely (Doc. 12) be granted. (Doc. 20). Petitioner filed his timely objection to this recommendation on May 5, 2005 (Doc. 22). Also before the Court is a Recommendation from Judge Hodge filed June 8, 2005, recommending that Respondent's Motion to Dismiss the Georgia Department of Corrections as a Respondent (Doc. 13) be granted. (Doc. 24). Petitioner filed his objection to this recommendation on June 21, 2005. (Doc. 25).

**I.   Report and Recommendation of April 27, 2005**

In his recommendation, the Magistrate Judge found that Petitioner filed his federal habeas petition at issue after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2241, *et. seq.* It was also found that Petitioner failed to establish a basis for equitable tolling of the AEDPA's statute of limitations. (Doc. 20).

Specifically, it was found that Petitioner was found guilty of theft by conversion in the Superior Court of Ben Hill County in September 1997. Petitioner was sentenced to ten (10) years, three (3) to serve, and the balance probated in December 1997. *Id*. It was further found that the conviction and sentence were affirmed on direct appeal in 1998. *Id*. (*citing* Ellis v. State, 510 S.E.2d 127 (Ga. Ct. App. 1998). Petitioner sought certiorari in the Georgia Supreme Court,

which was denied April 30, 1999. (Doc. 20).  The Magistrate Judge found that Petitioner filed his first federal habeas corpus petition in May 1999. *Id*. (*citing* Ellis v. Baker, Civil Action No. 1:99-CV-117 (WLS) (M.D. Ga. 1999)).  That habeas corpus petition was dismissed for lack of exhaustion in December 1999. *Id*.

Thereafter, it was found that Petitioner did not challenge his conviction again until March 2003, when he filed a state habeas petition. *Id*.  It was further found that the state habeas court denied relief in August 2003. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal on February 3, 2004. The petitioner then filed his second, the instant federal habeas petition in January 2005. *Id*.

Based on the above findings and in reliance upon Sections 2244(d)(1) and 2244(d)(2) of the AEDPA, the Magistrate Judge found Petitioner's conviction to have become final on July 29, 1999. *Id*.  Pursuant to § 2244(d)(1), Petitioner had one year thereafter, or until July 29, 2000, to file a timely federal habeas petition or stay the proceedings by promptly filing a state habeas petition. *Id*. The Magistrate Judge found that the tolling provision of § 2244(d)(2) does not protect Petitioner because he filed his state habeas petition in March 2003, more than two (2) years following the expiration of the one-year statute of limitations period.  (*Id*., citing Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); Morris v. Hargett, 1998 WL 856144 (10th Cir. 1998 (Okla.))).  The Magistrate Judge further found that the time during which Petitioner's first federal petition was pending had no tolling effect, as only properly filed state court proceedings serve to toll the statute of limitations under Section 2244(d)(2). (Doc. 20 (citing Duncan v. Walker, 533 U.S. 167, 180 (2001))).

It was noted "that the Eleventh Circuit has not ruled upon whether there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations." (Doc. 20 (*citing* Helton v. Sec'y.for Dep't. of Corrections, 259 F.3d 1310, 1315 (11th Cir. 2001)).  "[T]o the extent that the petitioner argues that a miscarriage of justice will occur if this court does not reach the merits of his petition, in order to satisfy the miscarriage of justice exception, the petitioner must show that 'under the probative evidence he has a colorable claim of factual innocence.' (Doc. 20 (*citing* Kuhlmann v.Wilson, 477 U.S. 436, 454 (1986))). "[T]o show actual innocence

one must show by clear and convincing evidence that but for a <u>constitutional</u> error, no reasonable juror would have found the petitioner [guilty]." (Doc. 20 (*citing* <u>Sawyer v. Whitley</u>, 112 S. Ct. 2514, 2517 (1992) (emphasis added))). "<u>[F]actual</u> inaccuracy is <u>not sufficient</u> unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." (Doc. 20 (*citing* <u>Johnson v. Singletary</u>, 938 F.2d 1166, 1182 (11th Cir. 1991)(emphasis added)).

The Magistrate Judge found that Petitioner does not present any probative evidence of factual innocence. Moreover, the Magistrate Judge found no indication that the series of events Petitioner presented actually precluded him from pursuing post-conviction proceedings such that equitable tolling should be applied in this case. Furthermore, Petitioner's arguments claiming ineffective assistance of appellate counsel were found to have been grounded on certain aspects of said counsel's performance that could have been addressed through post-conviction proceedings made available upon the completion of Petitioner's appellate proceedings in April 1999. (Doc. 20). Petitioner did not pursue any of those post-conviction proceedings. Having found Petitioner's federal habeas petition to be untimely filed and that said Petitioner failed to establish a basis for equitable tolling of the AEDPA's one-year statute of limitations, the Magistrate Judge recommended that Respondent's Motion to Dismiss Petition as Untimely (Doc. 12) be granted. (Doc. 20).

Petitioner objects to Judge Hodge's finding that he first sought to challenge his conviction in March 2003 when he filed his first state habeas petition. (Doc. 22). Instead, Petitioner asserts, he first sought to challenge his conviction in October 2000, but was misinformed that there was no procedure for doing so. *Id*. Petitioner further objects to the instant Report and Recommendation, alleging that Judge Hodge "made no recommendation on the issue of [c]onstitutionality of the one-year limitation in actual innocence cases [as he] clearly raised it." *Id*. Petitioner relies heavily on <u>Wyzykowski v. Dep' t of Corrections</u>, 226 F.3d 1313 (11th Cir. 2000), *cert. denied*, 537 U.S. 1091 (2002), for the proposition that Judge Hodge did not have a complete record before him with which to adjudicate Petitioner's actual innocence, alleging that "the State did not file the record [of the state court proceedings] as the Rules require

[it] to do." (Doc. 22).  Petitioner further contends that he, not the State, filed the record; and that "[f]rom the Recommendation filed, it appears that the allegations and exhibits attached in my habeas and amendments were neither read nor considered."[1] *Id.*   Petitioner concludes by asserting that his claim of actual innocence "is unequivocally established on the record by bank documents, tax returns, etc." *Id.*

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently, **and** 2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1815 (2005) (*citing* Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (emphasis added)). In his response to Respondent's Motion to Dismiss, Petitioner essentially sets forth three claims: 1) that the record supports a finding that he has been pursuing his rights through various petitions and measures since late 1999; 2) that, even if the instant petition is considered time barred, there is overwhelming evidence of his innocence such that the "actual innocence" principal prevents the case from being dismissed; and 3) that the Court should consider effects of his Bi-polar disorder on his ability to function when reviewing the instant motion.  (Doc. 19).

Upon its review of the Recommendation and the record in this case, the Court finds that the record does not support a finding that Petitioner has been diligently pursuing his rights in a manner contemplated by the AEDPA since late 1999. *See supra* Duncan, 533 U.S. at 180. Specifically, the Court finds that Petitioner did not first file a proper challenge to his conviction until March 2003 when he actually filed his first state habeas petition.  (Doc. 1, Exh. 2).  Even if, arguendo, the Court were to find Petitioner to have first attempted to challenge his conviction in a manner contemplated by the AEDPA in October 2000, said date falls at least three months after July 29, 2000, the applicable limitations period under § 2244(d)(1).  *Id*.   Having failed to establish that he diligently pursued his rights before the original statute of limitations period expired, as a matter of law, any complications which arose thereafter are irrelevant to the Court's determination of the timeliness of the instant petition.  *See* Pace, 125 S.Ct. at 1815

---

[1]   Thus, Petitioner does not argue there was no record filed.

Alternately, Petitioner alleges that 28 U.S.C. § 2244 is an unconstitutional violation of the Suspension Clause, U.S. Const., Art. 1, § 9, cl. 2, claiming "there has to be a provision for actual innocence claims."  (Doc. 19).  While the Supreme Court has yet to rule on whether the AEDPA limitation period violates the Suspension Clause with respect to first habeas petitions, Lonchar v. Thomas, 517 U.S. 314 (1996), Courts of Appeals nationwide have repeatedly found that the "AEDPA's one-year period leaves petitioners with a reasonable opportunity to have their claims heard on the merits, that period does not render the habeas corpus remedy 'inadequate or ineffective to test the legality of detention,' and thus does not per se constitute an unconstitutional suspension of the writ."  *See, e.g.,* David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003); Rodriguez v. Artuz, 161 F.3d 763, 764 (2nd Cir. 1999); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Miller v. Marr, 141, F.3d 976, 977-978 (10th Cir. 1998).  The Eleventh Circuit in Wyzykowski similarly found that the AEDPA limitation period does not *per se* constitute an unconstitutional suspension.  *See* Wyzykowski, 226 F.3d at 1217.  However, in cases alleging "actual innocence," the Eleventh Circuit was more reticent to find the AEDPA limitations period constitutional, and directed the district courts to address whether a petitioner can make a factual showing of actual innocence before ruling on the constitutionality of the AEDPA limitations period as it relates to such claims.  *See id*. at 1219.

"[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]. Sawyer, 112 S.Ct. at 2517.  "[F]actual inaccuracy is not sufficient unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." Johnson, 938 F.2d at 1182.  In his habeas petition and again in his response to the instant motion to dismiss, Petitioner only summarily alleges that "[i]n my case there is overwhelming evidence of innocence.  In fact there is no competent evidence of guilt." (Doc. 19; *see also* Doc. 1).

Upon extensive review of the record, the Court disagrees.  The Court notes that Petitioner

-5-

made allegations of ineffective assistance of counsel and perjury on the part of Rebecca Mann. (*See* Doc. 19). However, the Court finds that Petitioner did not submit or point to any evidence in the record in connection with the instant action which could support his contentions. *Id*. Notably, Petitioner submitted the full record of his 2003 state habeas proceeding, Ellis v. Stephens, Civil Action: 03CV-118 (June 11, 2003), as evidence which purportedly supports his claims of ineffective assistance of counsel and perjury on the part of Rebecca Mann. (Docs. 3, 4). The record submitted by Petitioner includes, but is not limited to: 1) the full transcript of the 2003 habeas hearing; 2) the full transcript of Petitioner's criminal trial, State v. Ellis, Case No.: 97CR-026 (September 29-30, 1997); 3) copies of exhibits, affidavits, and depositions submitted in connection with both the criminal trial and the habeas proceeding; 4) copies of the guilty verdict issued in Petitioner's criminal case; and 5) the opinions submitted by Judge E. Tracy Moulton of the Superior Court of Ben Hill County, Georgia dismissing Petitioner's habeas petition. *Id*. Upon review of the same, the Court finds that Petitioner argued ineffective assistance of counsel and perjury of Rebecca Mann in his 2003 state habeas petition and hearing, but submitted no evidence in connection with that proceeding which could support a finding in his favor. The Court notes that Judge Moulton found similarly in his opinion dismissing Petitioner's 2003 state habeas petition. *See id*. Petitioner has submitted no additional evidence in connection with the instant habeas petition which could support his contentions or specifically pointed to evidence demonstrating how the evidence established his innocence. As previously stated, the burden is upon Petitioner. He has failed to meet it.

Petitioner has therefore failed to prove "actual innocence" by a showing of colorable factual inaccuracy. Moreover, Petitioner fails to show by clear and convincing evidence that absent constitutional error, no reasonable juror would have found him guilty. As Petitioner failed to establish actual innocence, the Court finds the instant petition to present no cognizable constitutional challenge to the AEDPA limitations period. *See supra* Wyzykowski, 226 F.3d at 1219.

Finally, Petitioner asks the Court to consider the effects of his bipolar disorder on his

ability to function.  (Doc. 19).  Petitioner specifically asks the Court for a hearing to consider the effects his bipolar disorder may have had on his ability to pursue the instant habeas petition. (*Id*.; *see also* Doc. 22).  Upon review of the record, the Court finds that Petitioner has on numerous occassions, both in connection with the state habeas petition and the instant one, reiterated allegations that his bipolar disorder and the treatment he pursues in connection therewith "cause [him] to be sleepy and lethargic." (*See* Docs. 3, 4, 19, 22).  Notably, Petitioner has not, in either habeas proceeding, made any allegations directly linking his bipolar condition to his alleged inability to diligently challenge his conviction in a timely manner.  *See id*. Moreover, the Court also finds that Petitioner has yet to submit any evidence in connection with the state habeas petition or the instant one which could suggest a finding that suffering from bipolar disorder, and receiving treatment for the same, actually prevented him from diligently challenging his conviction in a timely manner.  *See id*.  Petitioner's cursory allegations as to the alleged effects his bipolar disorder has presented on his life generally are inadequate, without relevant supporting evidence, to establish an extraordinary circumstance sufficient for equitable tolling to apply.  Petitioner has neither presented any legal authority that a bipolar disorder is recognized as a condition which significantly affects his competence or capacity to act in his own interest regarding matters of importance nor presented such authority with respect to sleepiness and lethargy.  The Court is not required to make a fact finding inquiry in this proceeding based simply on Petitioner's general, self-serving allegation.  Accordingly, the Court may not, and does not, consider Petitioner's bipolar disorder in connection with the instant motion.

Having failed to establish a prima facie case for equitable tolling of the AEDPA limitation period, and having been found to have untimely filed the instant petition, the Court finds that the instant petition should be dismissed.

Upon full review and consideration upon the entire record, and taking into consideration the objections of Petitioner, the Court finds that said Report and Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the order of this Court for reason of the findings and reasons set out therein, together with the findings made and conclusions reached herein.

(Doc. 20).  Petitioner's objections (Doc. 22) are therefore **OVERRRULED**.  Accordingly, Respondent's Motion to Dismiss Petition as Untimely is **GRANTED** and Petitioner's claims against Respondent Tracy Stephens are hereby **DISMISSED**. (Doc. 12).

## II.     Report and Recommendation of June 8, 2005[2]

In his recommendation, the Magistrate Judge found Tracy Stephens as Probation Officer to have custody of Petitioner, who is currently on probation.  The Magistrate Judge also found the Georgia Department of Corrections not to have custody of Petitioner.  Pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases under § 2254, the Magistrate Judge found the designation of the Georgia Department of Corrections as a party respondent to be improper.   He, therefore, recommends that Respondent's Motion to Dismiss the Georgia Department of Corrections as a Respondent (Doc. 13) be granted.

Petitioner's objections reference and attempt to incorporate arguments made in his objection to the report and recommendation of April 27, 2005.  (*See* Doc. 25).  Petitioner also reiterated arguments made in his motion to recuse.  (*See* Doc. 21).  Petitioner made no objections that substantively and relevantly address the instant recommendation.  (Doc. 25).

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 24) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Respondent's Motion to Dismiss Party is **GRANTED** and Petitioner's claims against the Georgia Department of Corrections are hereby **DISMISSED**. (Doc. 13).

## III.    Conclusion

---

[2]     At the time of the June 8, 2005 Report and Recommendation (Doc. 24), this Court had not yet reviewed the April 27, 2005 Report and Recommendation. (Doc. 20).  Upon review of the April 27, 2005 Report and Recommendation and the adoption thereof by the Court, Petitioner's habeas petition was dismissed as untimely in its entirety.  *See supra* Discussion, Part I.  To the extent, however, that Petitioner separately asserts claims against Defendant Georgia Department of Corrections that are addressed in the June 8, 2005 Report and Recommendation, and not addressed in the April 27, 2005 Report and Recommendation, the Court finds it necessary to review the June 8, 2005 Report and Recommendation and issue findings thereupon accordingly.

For the foregoing reasons, the April 27, 2005 Report and Recommendation (Doc. 20) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings and reasons set out therein, together with the findings made and conclusions reached herein; and the June 8, 2005 Report and Recommendation (Doc. 24) **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.

Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 12) is **GRANTED**; Petitioner's claims against Respondent Tracy Stephens are hereby **DISMISSED**; Respondent's Motion to Dismiss Party (Doc. 13) is **GRANTED**; and Petitioner's claims against the Georgia Department of Corrections are hereby **DISMISSED**.

**SO ORDERED,** this   30th   day of March, 2006.

                                        /s/W. Louis Sands
                                    **W. LOUIS SANDS, CHIEF JUDGE**
                                    **UNITED STATES DISTRICT COURT**